UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:_____

DAVID SEWELL,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    **COMES NOW**, the Plaintiff, DAVID SEWELL, by and through his undersigned counsel, and sues the Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation, (hereinafter referred to as õRCCLö), and alleges:

### General Allegations

    1.    That this is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), and in excess of the amount specified in 28 U.S.C. §1332, exclusive of costs and attorneysø fees, and is otherwise within the jurisdiction of this Court.

    2.    That at all times material hereto, Plaintiff, DAVID SEWELL, is and was a citizen of the United States and a resident of Carrollton, Denton County, Texas.

    3.    That at all times material hereto and upon information and belief, the Defendant, RCCL, was and is a for profit foreign corporation, registered in Liberia, and was authorized to and conducting business within the state of Florida. Defendant, RCCL, had and has a Registered

Agent in Florida, to wit: Bradley H. Stein, 1050 Caribbean Way, Miami, FL, 33132, and had and has maintained a principal place of business at same address.

      4.     That at all times material hereto and upon information and belief, the Defendant, RCCL, personally and/or by and through one or more of its agents and/or servants and/or employees and/or subsidiaries:

     a.   operated, conducted, engaged in or carried on a business venture in this state and/or Miami-Dade County or had an office or agency in this state and/or Miami-Dade County; and/or

     b.   was engaged in substantial business activity within this state and/or Miami-Dade County; and/or

     c.   operated and/or offered for charter vessels in the waters of this state; and/or

     d.   committed one or more of the acts set forth in Florida Statutes, Sections 48.081, 48.181 or 48.193; and/or

     e.   that the acts and/or omissions of Defendant, RCCL, as set out in this Complaint occurred in whole or in part in this state and/or in Miami-Dade County; and/or

     f.   that the Defendant, RCCL, as a common carrier and/or vessel owner and/or provider and/or operator, was and is engaged in the business of marketing and/or providing and/or chartering to the public and to the Plaintiff, DAVID SEWELL, in particular, for compensation, either directly or by way of its registered and/or pending service marks and/or subsidiaries and/or alter egos, vacation cruises aboard the vessel, õINDEPENDENCE OF THE SEAS;ö and/or

g.   had and has a principal place of business in Miami-Dade-County, Florida.

5.      That the Defendant, RCCL, is subject to the jurisdiction of the courts of the United States District Court for the Southern District of Florida. Furthermore, there is a forum selection clause within the passenger ticket designating the United States District Court for the Southern District of Florida as the sole venue for this action, and Defendant is listed as the "Carrier" and/or "Operator" therein.

6.      That the causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7.      That at all times material hereto and upon information and belief, the Defendant, RCCL, owned and/or provided for charter and/or operated and/or managed and/or maintained and/or controlled and/or marketed for compensation, either directly, or by and through its registered and/or pending service marks and/or agents and/or employees and/or servants and/or subsidiaries and/or alter egos, the vessel "INDEPENDENCE OF THE SEAS."

8.      That on or about August 26, 2015, Plaintiff, DAVID SEWELL, was a paying passenger on Defendant, RCCL's vessel, "INDEPENDENCE OF THE SEAS."

9.      On said date, Plaintiff, DAVID SEWELL, fell from a height of approximately forty feet when a crew member, who was supposed to control and/or guide Mr. Sewell's descent from the "Rock Climbing Wall," failed to properly maintain control of the guide line, causing Mr. Sewell to fall to the deck.  As a result of the fall, Plaintiff sustained severe and traumatic permanent injuries.

## COUNT I – Negligence as to Defendant RCCL

10.      Plaintiff realleges and readopts all of the allegations contained in Paragraphs 1 through 9 as if fully set forth herein.

11.     That it was the duty of the Defendant, RCCL, to provide the Plaintiff, DAVID SEWELL, with reasonably safe passage under the circumstances, and to exercise reasonable care towards its passengers and to correct and/or warn of any dangerous conditions that it knew of or should have known of.

12.     That on or about August 26, 2015, Defendant, RCCL, either directly or by and through its registered and/or pending service marks and/or agents and/or subsidiaries and/or alter egos and/or servants and/or employees, breached their duties to exercise reasonable care and to provide the Plaintiff, DAVID SEWELL, with reasonably safe passage under the circumstances.

13.     That at all times material hereto, the Defendant, RCCL, owed the Plaintiff, DAVID SEWELL, the duty to exercise reasonable care, to supervise, to properly train, to correct, and/or to remove any dangerous conditions on its vessel.  The Defendant further had the duty to exercise reasonable care in refraining from creating dangerous conditions that were concealed and further had the duty to exercise reasonable care in warning the Plaintiff of dangerous and concealed conditions which it knew existed and/or which the Defendant should have known existed and/or which the Defendant had knowledge, greater than that of the Plaintiff, that it existed.  The Defendant further had the duty to exercise reasonable care to provide the Plaintiff a safe and controlled descent, once he had been placed in the harness and began his climb of the rock climbing wall.

14.     That the Defendant, RCCL, either directly or vicariously, by way of its agents and/or employees, breached their duty of care by committing one or more of the following negligent acts of commission and/or omission, which acts resulted in the Plaintiff, DAVID SEWELL, sustaining severe and permanent injuries, to wit:

a)      failure to properly train and/or supervise its agents, employees and/or servants in the use of proper rock wall climbing techniques, practices and procedures, so as to prevent this incident or similar incidents from occurring, and/or;

b)      failure to maintain and operate the rock wall climbing activity consistent with manufacturer's instructions and industry standards; and/or

c)      failure to maintain a slow and controlled descent of the Plaintiff, causing the Plaintiff to experience a rapid and uncontrolled descent; and/or

d)      failure to maintain a proper look-out of the Plaintiff while descending the rock wall climbing activity; and/or

e)      failure to adequately instruct the Plaintiff on the proper techniques if this activity; and/or

f)      failure to implement available safety codes, safety standards and safety practices designed to reduce and/or prevent the type of accident the Plaintiff suffered, from happening; and/or

g)      failure to comply with safety codes, safety standards and safety practices designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered, from happening; and/or

h)      knowing from previous similar incidents of the likelihood of such an accident, yet failing to take steps to correct the conditions causing the accident.

All of the foregoing caused and/or contributed to Plaintiff  falling upon his descent from the rock climbing wall.

15.     That all times material hereto, Defendant RCCL had exclusive custody and control of the vessel, "INDEPENDENCE OF THE SEAS."

16.     That, upon information and belief, Defendant, RCCL, knew of the foregoing conditions causing Plaintiff's injury and did not correct same, or the conditions existed for a sufficient length of time so that Defendant, RCCL, and its registered and/or pending service marks and/or agents and/or subsidiaries and/or alter egos and/or employees, in the exercise of reasonable care, should have learned of them and corrected them.

17.     That as a result of the negligence of Defendant, RCCL, either directly or vicariously, the Plaintiff, DAVID SEWELL, was injured about his body and extremities, suffered severe bodily injury and resulting pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, loss of earning capacity and the aggravation of a preexisting condition.  These losses are either permanent and/or continuing and the Plaintiff will suffer these losses in the future.

**WHEREFORE**, the Plaintiff, DAVID SEWELL, demands judgment for all damages recoverable under the law against the Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation, and demands trial by jury of all issues so triable, and demands such other relief as the Court may deem just and proper.

**DATED** this 3rd day of December, 2015

Greenberg Stone & Urbano
Counsel for Plaintiff
11440 North Kendall Drive, Penthouse 400
Miami, FL  33176
Telephone: (305) 595-2400
Facsimile:  (305) 595-5105

 /S/ MARK D. STONE
BY:  Mark D. Stone
Florida Bar No. 608157
mstone@sgglaw.com